# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARISSA ORBETA RODRIGUEZ,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br><br>DISCOVERY BANK, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 11cv2155 BTM(NLS)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE** |

　　　Defendants Bishop, White, Marshall & Weibel, P.S. ("BWMW"), William L. Bishop, Jr., Krista L. White, Ann T. Marshall, David A. Weibel, Jerome M. Yalon, Jr., and Samantha Blue (collectively "Defendants") have filed a motion for summary judgment as well as a motion to strike portions of Plaintiff's opposition brief. For the reasons discussed below, the Court **GRANTS** the motion for summary judgment and **DENIES** the motion to strike.

## I. FACTUAL BACKGROUND

　　　In a letter dated October 13, 2009, BWMW notified Plaintiff that Discover Bank ("Discover") had retained the firm to collect its claim against Plaintiff for the balance owing on her Discover Card account. (Ex. 1 to White Decl.) The letter listed the account number as well as an account balance of $9,421.83.

　　　On October 29, 2009, Plaintiff requested validation of the debt. (Compl. Ex. A.) Specifically, Plaintiff requested a "first-hand accounting of the alleged original creditor," "a

sworn affidavit, signed . . . by a first party who had actual first-hand knowledge of the alleged account," and a copy of the contract.

On November 4, 2009, BWMW sent a "settlement offer" to Plaintiff. (Compl. Ex. B.) The letter encouraged Plaintiff to contact BWMW within 30 days to settle her account for a substantial discount.

On November 30, 2009, BWMW responded to Plaintiff's request for validation of the debt by enclosing the governing Cardmember Agreement as well as copies of monthly statements of Plaintiff's Discover Card account. (Compl. Ex. D.)

On January 28, 2010, BWMW sent another "settlement offer" to Plaintiff. (Compl. Ex. C.)

In a letter dated February 6, 2010, Plaintiff disputed the validity of the debt and demanded further documents from BWMW, including, among other things, a contract signed by her, certified copies of initial balance sheets, and documentation evidencing that BWMW had authority to collect the debt on Discover's behalf. (Compl. Ex. E.)

On April 13, 2010, BWMW filed a Complaint on behalf of Discover against Plaintiff in the Superior Court of California, County of San Diego (Case No. 37-2010-00089800-CL-CL-CTL). (Compl. Ex. F.) Plaintiff answered the Complaint after filing a demurrer. (Compl. Ex. G.) On October 4, 2010, BWMW filed a motion for summary judgment on behalf of Discover. (Id.)

Plaintiff did not file any opposition to the motion for summary judgment, and on February 10, 2011, the Superior Court entered judgment for Discover and against Plaintiff in the amount of $11,206.33, which included the $9,421.83 as well as $484.50 in costs and $1,300 in attorney's fees. (Ex. 7 to White Decl.) The costs and attorney's fees were awarded pursuant to the governing account agreement which allowed for the recovery of such sums. (Ex. 5 to White Decl., ¶¶ 2, 7.)

On July 29, 2011, BWMW sent Plaintiff a notice of judgment, which informed Plaintiff that a judgment in the amount of $11,206.33 had been entered against Plaintiff and that BWMW was in the process of reviewing her file to determine potential post-judgment

remedies. (Compl. Ex. H.) On August 25, 2011, BWMW sent Plaintiff a letter which stated, "A judgment has been entered against you in the above referenced case. We are in the process of preparing a Wage Garnishment to be served on your employer, KAISER PERMANENTE INTERNATIONAL." (Compl. Ex. I.)

Plaintiff commenced this action on September 16, 2011. Plaintiff names as defendants Discover Bank, BWMW, the named partners of BWMW, and two employees of BWMW (Jerome M. Yalon and Samanta Blue). Plaintiff alleges that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq.

After Defendants filed their motion for summary judgment in this case, Plaintiff filed an Ex Parte Motion to Vacate a Void Judgment and Writ of Execution in the Superior Court. (Zimmerman Decl. (Ex. 2 to Rosenberg Decl.), ¶ 6.) Plaintiff argued that the judgment should be vacated because she did not get notice of the motion for summary judgment and because the evidence submitted by BWMW in support of the motion was inconsistent and/or fraudulent. On December 9, 2011, the Superior Court denied Plaintiff's motion, ruling that it was untimely and that Plaintiff had not been diligent in seeking relief. (Ex. 4 to Rosenberg Decl.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element

of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. Celotex, 477 U.S. at 314. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendants move for summary judgment on all of Plaintiff's FDCPA claims. As discussed below, the Court finds that Plaintiff has failed to raise a triable issue of material fact with respect to her claims and therefore grants summary judgment in favor of Defendants.

Plaintiff alleges that Defendants have violated: (1) 15 U.S.C. § 1692e(2), by the "false representation of the character, amount, or legal status of any debt"; (2) 15 U.S.C. § 1692e(5), by communicating a "threat to take any action that cannot legally be taken or that is not intended to be taken"; (3) 15 U.S.C. § 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt – i.e., attempting to collect an amount that is not "expressly authorized by the agreement creating the debt or permitted by law"; (4) and 15 U.S.C. § 1692g(b), by attempting to collect a debt prior to providing verification of the debt in accordance with  § 1692g(b).

Plaintiff's main argument is that Defendants continued to attempt to collect the debt

even though Defendants did not provide proper verification of the debt in response to Plaintiff's request.  Plaintiff contends that Defendants' November 30, 2009 response to her verification request was legally insufficient and that, therefore, Defendants' actions on October 4, 2010  (filing of summary judgment), December 3, 2010 (filing of a declaration in support of motion for summary judgment), February 10, 2010 (entry of judgment on motion for summary judgment), July 29, 2011 (letter informing Plaintiff of judgment and advising her that BWMW was considering post-judgment remedies), and August 25, 2011 (letter re: wage garnishment) were not authorized and violated the FDCPA.

Plaintiff misunderstands Defendants' duty with respect to verification of the debt.  The Ninth Circuit has made it clear that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed."  Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006) (quoting Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999)).  In Clark, the defendant obtained information about the nature and balance of the outstanding bill from the creditor and sent the plaintiffs a copy of the itemized statement provided by the creditor.  The Ninth Circuit reasoned that the defendants were entitled to rely on their client's statements to verify the debt and did not have a duty to investigate independently the amount of the claimed debt.  Id. at 1174.

Defendants in this case provided Plaintiff with a copy of the governing Cardmember Agreement as well as copies of monthly statements obtained from Discover that reflect the balance of $9,421.83. (Compl. Ex. D.)  Thus, Defendants satisfied the requirement that they confirm with their client the amount being claimed.  See Healey v. Trans Union LLC, 2011 WL 1900149, at * 8 (W.D. Wash. May 18, 2011) (holding that the defendant debt collector satisfied its obligation to verify the debt by mailing a copy of the itemized billing statement on plaintiff's Sprint/Embarq account,); Worch v. Wolpoff & Abramson, 477 F. Supp. 2d 1015 (E.D. Mo. 2007) (defendant satisfied requirement of verification of debt by providing the plaintiff with bill statements).

Defendants' verification was legally adequate.  Defendants were not required to

provide affidavits or proof that they were allowed to collect the debt on Discover's behalf. Therefore, Defendants did not violate the FDCPA by attempting to collect a debt prior to providing verification as required by 15 U.S.C. § 1692g(b).[1]

Plaintiff does not provide any evidence that she does not owe the debt or that the amount of the claimed debt is improper.  Rather, Plaintiff appears to argue that Defendants should not be allowed to collect on the Superior Court's judgment because she did not receive notice of the motion for summary judgment, and the evidence submitted by Defendants in support of their motion was inadmissible, inconsistent, and/or fraudulent. Plaintiff explains, "Defendant [Plaintiff in this case] has the right to have her case properly heard before the court and to have the decision based on the merits of the case and not a default judgment due to her lack of notice in order to defend against the Motion for Summary Judgment by Plaintiffs." (Opp. Br. at 14:22-26.)   Plaintiff contends that the summary judgment is void.

This Court, however, cannot reexamine or set aside the state court's judgment. Under the Rooker-Feldman doctrine, federal courts cannot exercise appellate jurisdiction over final state court judgments.  Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007). "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments." Id. (internal quotation marks omitted).

To the extent Plaintiff asks this Court to find that the state court judgment is void, the Court lacks jurisdiction over Plaintiff's claims.  The facts of this case are similar to those in Grant v. Unifund CCR Partners, __F. Supp. 2d __, 2012 WL 379911 (C.D. Cal. Feb. 6, 2012).  In Grant, the plaintiff was sued by the debt collector in state court, and the debt collector obtained a default judgment against plaintiff.  Plaintiff sued the debt collector in federal court, alleging, among other things, violations of the FDCPA.  The Court held that to the extent the plaintiff's claims were premised on allegations that plaintiff was never served

---

[1] Defendants arguably attempted to collect a debt prior to verification when they sent the settlement offer dated November 4, 2009.  However, any FDCPA claim based on this letter is barred by the one-year statute of limitations.  15 U.S.C. § 1692k(d).

with the summons and complaint in the state action, plaintiff did not owe the debt at issue, the defendant debt collector improperly garnished her wages, or the affidavits submitted in support of the debt collector's request for default judgment were "false and fraudulent," plaintiff's claims were barred by the Rooker-Feldman doctrine.  See also Fleming v. Gordon Law Group, P.C., 723 F. Supp. 2d 1219 (N.D. Cal. 2010) ("[T]here is no question that the Rooker-Feldman doctrine bars a district court from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment."); Williams v. Cavalry Portfolios Servs., LLC, 2010 WL 2889656 (C.D. Cal. July 20, 2010) (holding that plaintiff was essentially seeking relief from state court default judgment and that plaintiff's FDCPA claims were precluded by Rooker-Feldman doctrine).[2]

Plaintiff has not raised a triable issue of material fact with respect to her FDCPA claims.  Therefore, Defendants' motion for summary judgment is **GRANTED**.  The Court **GRANTS** summary judgment in favor of non-moving defendant Discover Bank for the same reasons.

Defendants have filed a motion to strike portions of Plaintiff's opposition brief where Plaintiff makes arguments regarding fraud.  Defendants object that Plaintiff did not include a fraud claim in her Complaint.  The Court **DENIES** the motion to strike.  The Court has considered Defendants objections to Plaintiff's fraud arguments and does not find it necessary or proper to strike portions of Plaintiff's brief.[3]

---

[2] The Rooker-Feldman doctrine does not bar cases that are based on "extrinsic fraud" on the state court, which is defined as "conduct which prevents a party from presenting his claim in court."  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004).  Plaintiff's claim that she was not served with the summary judgment motion could be construed as a claim of extrinsic fraud.  However, she raised this argument with the state court, which held that Plaintiff failed to bring a timely motion for relief.  The state court explained that Plaintiff admitted that she was aware as early as February 15, 2011 that the motion for summary judgment had been granted, yet did not file a motion to vacate until November 23, 2011. (Ex. 4 to Rosenberg Decl.)  Thus, the issue of whether Plaintiff was prevented by Defendants from presenting her case in the state court action has already been litigated in state court, and this Court lacks jurisdiction to review the state court decision.  See Reusser v. Wachovia, 525 F.3d 855, 859-60 (9th Cir. 2008) (explaining that plaintiff's claims of extrinsic fraud had already been litigated in state court in connection with plaintiff's motion to vacate default judgment and that plaintiff's claims were therefore barred by Rooker-Feldman).

[3] Fed. R. Civ. P. 12(f) only applies to pleadings.  See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (explaining that district court erred in striking motion for reconsideration under Rule12); Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 229

## IV.  CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment is **GRANTED** and Defendants' motion to strike is **DENIED**.  Summary judgment is granted in favor of all of the defendants.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  April 30, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

F.R.D. 201 (D.N.M. 2005) (denying motion to strike portions of reply brief and evidence because motions, memoranda, and affidavits may not be attacked by motion to strike).